UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

SOUTHERN DIVISION

**FILED**
AUG 16 2017
CLERK

| | |
|---|---|
| SAFRON HUOT,<br><br>Plaintiff,<br><br>vs<br><br>MONTANA STATE DEPARTMENT OF CHILD AND FAMILY SERVICES, MONTANA SUPREME COURT, DEER LODGE CO. DISTRICT COURT OF MONTANA, JUDGE RAY DAYTON, CAL BOYAL, CINDY JOHNSON, DEER LODGE MEDICAL CENTER, WAYNE R. MARTIN, M D, SUSANNE M CLAGUE, BEN KRAKOWKA, SUSAN DAY, PH.D ; DAVE FENCHAK, MARY JO FORTNER, ROGER FORTNER,<br><br>Defendants | 4:17-CV-04103-RAL<br><br><br>OPINION AND ORDER SCREENING AND DISMISSING CASE |

Plaintiff, Safron Huot, has filed a pro se complaint (Doc 1), as well as a Motion for Leave to Proceed in Forma Pauperis (Doc 2), Motion to Appoint Counsel (Doc 3), and Motion to Set Aside Adoption and Reinstate Full Parental Rights (Doc 4). Plaintiff has filed similar complaints in many other districts.[1]

Because Plaintiff has submitted a Motion to Proceed In Forma Pauperis, the court must conduct an initial screening of the Complaint pursuant to 28 U.S.C. § 1915(e)(2) The screening is a two-step screening process *Martin-Trigona v Stewart*, 691 F 2d 856, 857 (8th Cir. 1982), see also, *Key v Does*, 217 F. Supp 3d 1006, 1006 (E.D Ark 2016). First, district courts must

---

[1] A search of "Hout, Safron" and "Huot, Safron" on PACER indicates that the plaintiff has filed in at least 40 districts

determine whether a plaintiff is financially eligible to proceed in forma pauperis under 28 U.S.C. § 1915(a) *Id.* Second, district courts are to determine whether the complaint should be dismissed under 28 U.S.C. § 1915(e)(2)(B). *Id.*

This court may authorize the commencement of suit without prepayment of fees when an applicant files an affidavit stating she is unable to pay the costs of the lawsuit 28 U.S.C § 1915. Determining whether an applicant is sufficiently impoverished to qualify to proceed in forma pauperis under § 1915 is committed to the court's discretion *Cross v Gen Motors Corp*, 721 F.2d 1152, 1157 (8th Cir 1983) "In forma pauperis status does not require a litigant to demonstrate absolute destitution." *Lee v McDonald's Corp.*, 231 F.3d 456 (8th Cir. 2000)

Based upon her application, the sole income for Plaintiff is derived from TANF payments of $467 per month and food stamp payments of $313 per month Including only expenses with prices, Plaintiff's monthly expenses are estimated to be approximately $267 Plaintiff also has one daughter currently dependent on Plaintiff for support Plaintiff does not own any assets Considering all the information in the financial affidavit, the Court finds that Plaintiff has made the requisite financial showing to proceed in forma pauperis.

But the inquiry does not end there Under § 1915, the court must review the claims in the complaint to determine if they are (1) frivolous or malicious, (2) fail to state a claim on which relief may be granted, or (3) seek monetary relief against a defendant who has immunity. *See* 28 U.S.C. § 1915(e)(2)(B).

A complaint fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face" *Bell Atlantic Corp v Twombly*, 550 U.S. 544, 570 (2007) A plaintiff's complaint "does not need detailed factual allegations .. [but] requires more than labels and conclusions" *Id* At 555 "Factual

2

allegations must be enough to raise a right to relief above the speculative level.." *Id* When determining whether a complaint fails to state a claim upon which relief may be granted, this Court "assumes as true all factual allegations in the pleadings, interpreting them most favorably to the [pleader]." *Magee v Trustees Of Hamline Univ*, 747 F.3d 532, 534-35 (8th Cir. 2014) Plaintiff is proceeding pro se and her complaint is therefore entitled to a liberal construction *Atkinson v Bohn*, 91 F.3d 1127, 1129 (8th Cir 1996) (per curiam) Although pro se complaints are to be construed liberally, "they must still allege facts sufficient to support the claims advanced." *Stone v Harry*, 364 F.3d 912, 914 (8th Cir 2004) The court is not required to supply additional facts for a pro se plaintiff, nor construct a legal theory that assumes facts which have not been pleaded *Id*

Plaintiff asserts that federal question jurisdiction is present in this matter Doc 1 She seeks damages from the Montana State Department of Child and Family Services, the Montana Supreme Court, the Deer Lodge County District Court of Montana, and Judge Ray Dayton, as well as attorneys, guardians ad litem, psychologists, family members, and other individuals involved in that proceeding Doc 1. She also seeks full custody of her children.

The present case is clearly related to *Huot v. Montana State Department of Child and Family Services, et al*, No 3 16-cv-01767-KI (D Oregon Sept 6, 2016) In that case, the district court provided multiple reasons why subject matter jurisdiction does not exist *Id* The district court also explained venue and discussed why certain defendants could not be sued Whether the suit is venued in federal court in Oregon or South Dakota, the same reasons for dismissal apply to this suit brought against Montana State agencies, employees, and others involved in a Montana child custody issue Because the plaintiff's factual allegations are the same, the reasoning as set forth in *Huot v Montana State Department of child and Family Services, et al*,

3

Case # 3:16-cv-01767-KI (D. Or. Sept. 13, 2016), justifies dismissal in this action for failure to state a claim on which relief can be granted. Therefore, it is

ORDERED that Plaintiff's Complaint (Doc 1) be dismissed. It is further

ORDERED that Plaintiff's Motion for Leave to Proceed In Forma Pauperis (Doc 2), Motion to Appoint Counsel (Doc 3), and Motion to Set Aside Adoption and Reinstate Full Parental Rights (Doc 4) are denied as moot in light of the dismissal of the case.

DATED August 16, 2017.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE